IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUDY CANNON                                                                                    PLAINTIFF

vs.                                         Civil No. 6:14-cv-06036

CAROLYN W. COLVIN                                                                     DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 15. Defendant has responded to this Motion and objects to Plaintiff's requested fees. ECF No. 16. In response to Defendant's objections, Plaintiff filed a reply. ECF No. 17.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1.    Background:**

Judy Cannon ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On March 31, 2015, Plaintiff's case was reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 11.

On June 26, 2015, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 15. With this Motion, Plaintiff requests an award of attorney's fees in the total amount of $8,128.01. *Id.* This amount represents 38 hours of attorney work from 2014 at an hourly rate of $186.45 and 5.5 hours of attorney work from 2015 at an hourly rate of $189.62.

*Id.* Defendant responded to this Motion on June 26, 2015 and objects to Plaintiff's requested fees. ECF No. 16.

**2.     Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 11. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 16. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $8,128.01. ECF No. 15. This amount represents 38 hours from 2014 at an hourly rate of $186.45 and 5.5 hours from 2015 at an hourly rate of $189.62. *Id.* These requested hourly rates for attorney work are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates for 2014 and 2015. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, only $186.00 is authorized for

2014 and only $187.00 is authorized for 2015. Thus, the Court only awards these amounts.

The Court has reviewed Plaintiff's request for 38 hours of attorney work performed in 2014 and 5.5 hours of attorney work performed in 2015. ECF No. 15 at 4. Defendant claims these requested hours are excessive. ECF No. 16. Specifically, Defendant claims Plaintiff's requested attorney hours for 2014 should be reduced from 38.00 to 22.00 hours and requested attorney hours for 2015 should be reduced from 5.50 to 2.25 hours. *Id.* Defendant claims these reductions are merited because Plaintiff's counsel spent excessive time on this case, requested compensation for administrative-level work, and requested compensation for clerical work. *Id.*

Upon review, the Court declines to recommend Plaintiff's requested attorney hours be reduced. First, the Court has reviewed the attorney's itemized statement in this case and cannot find the requested hours are excessive. Second, as for Defendant's claim that Plaintiff is seeking compensation for administrative-level work, the Court also finds this claim is not merited. For example, Defendant seeks to reduce Plaintiff's request for compensation from March 28, 2014 from 4.00 hours to 1.00 hour. ECF No. 16 at 4. Plaintiff's request was for the following: "Draft request for additional time, letter to Appeals Council." *Id.* Defendant claims this reduction is merited because this is a request for compensation for work performed at the administrative level. *Id.* The Court disagrees. Indeed, as Plaintiff argued in her reply (ECF No. 17), this time was expended to prepare for the appeal in this matter and was not requested so Plaintiff's counsel could be compensated for work performed at the administrative level. *See* ECF No. 17.

Third, Defendant also seeks a reduction because she claims some of the tasks Plaintiff's counsel performed were for clerical work. ECF No. 16. While Defendant is correct in her claim that clerical work should not be compensated under the EAJA, *see Granville House, Inc. v. Department*

*of Health, Education, and Welfare,* 813 F.2d 881, 884 (8th Cir. 1987), the Court finds the work Plaintiff's counsel performed was not purely clerical in nature.

For example, Defendant seeks to deny Plaintiff's request of .50 hour on June 19, 2014 for "Receipt, review and calendar the briefing schedules." ECF No. 16 at 5.  While part of this function may have a clerical element to it, the Court cannot find this work was entirely clerical in nature.  This is especially true if there was a specific reason for Plaintiff's counsel to evaluate the Court's briefing schedule to ensure he complied with the requirements of this schedule.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010).  ECF No. 16.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See id*. 130 S.Ct. at 2528.  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

4.     **Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 15) be **GRANTED**, and Plaintiff be awarded **$8,096.50**.  This amount represents 38 hours from 2014 at an hourly rate of $186.00 and 5.5 hours from 2015 at an hourly rate of $187.00.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

    **ENTERED this 14th day of July 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
